Tracy Gibson #1436824
Stiles Unit
3060 FM 3514
Beaumont, Tx 77705

October 12th, 2015

Re: F1496222007
WR- 68,962
Motion for Rehearing

Dear Clerk of Court,

Please find enclosed original copy of my motion for Rehearing Pursuant to Texas Criminal Code and Procedure rule 79. Because I can not be court-appointed counsel, I can not be instructed or advised to be in complete compliance with all court rules in a timely fashion. Thank you! in advance for your time, attention, and consideration.

Sincerely,

Tracy Gibson
Tracy Gibson
#1436824

P.S. Also enclosed is my objection to Defendants Affidavit.

RECEIVED IN
COURT OF CRIMINAL APPEALS

OCT 19 2015

Abel Acosta, Clerk

Cause No: F1496722007

wr-68,962-01

68,962-01

| | | |
|---|---|---|
| Tracy Gibson #1436824 | § | 145th Judicial District |
| Stiles Unit | § | Nacogdoches County |
| 3060 FM 3514 | § | |
| Beaumont, Tx 77705 | § | Honorable Judge Campbell |
| (Pro se Applicant) | § | Cox II |
| -v- | § | |
| State of Texas | § | |
| (Defendants) | § | |
| | § | |

## Applicants' "Objection" to Defendants Affidavit

To Honorable Judges:

Now comes, pro se, Applicant; Tracy Gibson #1436824 presents and submitts his "objection" to Defendants'; court-appointed attorney, Mr. Gene Caldwells', affidavit.

On July 1st, 2015; this honorable court ordered to remand the above styled cause No back to the original court held in abeyance and to get affidavits from the court-appointed attorney.

Applicant, objects to the court-appointed attorneys' Affidavit, because, Mr. Gene Caldwell, does not deny or refute the allegations set out by the applicant. Applicant, specifies that the court-appointed attorneys Performance was deficient as to not even recognizing that the face of the indictment

(1)

was voidable because it omitted a deadly weapon finding; to which, applicant, is entitled to notice that the State will pursue an affirmative finding of a deadly weapon: Ex Parte Patterson, 740 S.W.2d 766 (Tex. Crim. App. 1987); This jurisdictional defect; prevents the criminal charge vTCA §29.03 Agg. Robb.; from conforming and consistent to the statutory provisions in the descriptive paragraph; to which only is consistent to vTCA Penal Code § 29.02 Robb. a; 2nd degree felony; vTCA Penal Code § 12.33. This gives an entirely different range of punishment the trier of fact has any jurisdiction over subject matter.

The Defendants'; deficient performance was so deficient it prejudiced the applicants defense to enter into a plea-bargain unintelligently and unknowingly; Strickland v. Washington, 466 U.S. 668 104 S.Ct. 2052; Butler v. State; 716 S.W.2d 48 (Tex. Crim. App. 1986). This demonstrates that the counsels' actions were unreasonable and constituted a negligent omission; Wood v. Allen 130 S.Ct. 841 (2010).

Furthermore, the counselor is in default for failure to respond in a timely fashion to appropriately deny or refute the allegations to ineffective assistance of counsel by prejudicing the applicants defense.

Respectfully executed by me, Tracy Gibson, on this 13th day of October, 2015.

Tracy Gibson        #1436824

Tracy Gibson        #1436824